FILED

AUG 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAYE ELISE SLICE, | No. 10-35143 |
| Plaintiff - Appellant, | D.C. No. 6:07-cv-00004-DWM-RKS |
| v. | |
| MIKE FERRITER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted July 14, 2011
Portland, Oregon

Before: PREGERSON, WARDLAW, and M. SMITH, Circuit Judges.

Faye Slice appeals the district court's grant of summary judgment in favor of

various officials of the Montana Women's Prison (MWP) (collectively

"Defendants") on her First Amendment retaliation claim. We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we reverse.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Genuine issues of material fact exist as to whether Defendants retaliated against Slice in violation of the First Amendment when she returned to the MWP following her successful pursuit of gender discrimination claims against the Montana Department of Corrections. Therefore, the district court improperly granted summary judgment to Defendants.

To prove retaliation in the prison context, a plaintiff must demonstrate, among other things, that the officials took "some adverse action" against plaintiff, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), and that the protected conduct was a "substantial" or "motivating" factor for the adverse action, *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Where an adverse action occurs shortly after the protected conduct, we have held that the timing creates an inference of retaliatory motive. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003) ("'[T]iming can properly be considered as circumstantial evidence of retaliatory intent'" (quoting *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995))); *Soranno's Gasco*, 874 F.2d at 1316. Slice raises three such incidents on appeal.

First, on December 2, 2006, one month before Slice finalized the Stipulation favorably resolving her discrimination claims, Slice was transferred from her cell to C-Pod, a temporary lock-up, ostensibly for refusing a direct order to fill out a Thinking Error Report (TER), a "therapeutic community" program sanction for

behavioral problems.[1]  Slice adduced evidence from four inmates that refusing to complete a TER did not violate a direct order, which could result in a transfer to lock-up, and that defendant Lusby had stated that the sanction for failing to complete a TER was overnight lockdown in the inmate's own cell.  Moreover, Disciplinary Hearing Officer Cowee found Slice not guilty of violating a direct order and confirmed Slice's understanding that the punishment for refusing to complete a TER was overnight lockdown in one's cell.  That it was nondefendant Dolezal who ultimately decided to transfer Slice to lock-up does not cut off defendant Lusby's liability for retaliation.  *See Gilbrook v. City of Westminster*, 177 F.3d 839, 854–55 (9th Cir. 1999) (subordinate can be held liable for retaliation, even where final decisionmaker's determination was not retaliatory, if subordinate's "improper motive sets in motion the events that lead to [adverse action] that would not otherwise occur") (citation and emphasis omitted).

Second, in March 2007, two months after the favorable Stipulation was entered, and on the very day Slice filed an OSHA complaint about air quality and other health-related housing conditions, defendant Warden Acton ordered Slice moved from her H-Pod housing to less desirable B-Pod housing.  Though

---

[1]  Defendants' contention that Slice waived this argument lacks merit.  Slice, a pro se plaintiff, raised this argument in both her Amended Complaint and the Supplement to the Amended Complaint, which explained that the "therapeutic community" program, in which only women inmates are required to participate, was part of her gender discrimination complaint.

defendants asserted this was to promote Slice's health and safety while environmental testing took place, Slice introduced evidence that she was the only inmate moved; she did not personally suffer health problems, but filed the complaint on behalf of other inmates who did; and that she was never examined to determine whether she was suffering health problems. Moreover, there is evidence in the record that the defendants were actually motivated by a concern for legal liability, not Slice's health and safety. Evidence of pretextual justification for adverse action is circumstantial evidence of retaliatory intent, *see Allen v. Iranon*, 283 F.3d 1070, 1075 (9th Cir. 2002), and therefore creates a genuine issue of material fact precluding summary judgment.

Finally, the day after Slice's counsel met with prison officials to complain that the use of the "therapeutic community" model in the women's prison only was impermissible gender discrimination in violation of the Stipulation, Slice faced another disciplinary hearing for not fully participating in the "therapeutic community." As a result of the hearing, Slice was "phased down" within the program and transferred from H-Pod to less desirable housing. This incident is not a new retaliation claim; it is simply further evidence of the ongoing retaliation by MWP personnel. Slice presented evidence, in the form of inmate statements that she was in fact a productive member of the therapeutic community, thus raising an

inference that the reasons given by the MWP for her "phase down" were pretextual.

The district court erroneously refused to consider this incident as part of Slice's retaliation claim. Slice raised the incident within the time set by the Court's scheduling order, and could not have raised it in any of her other pleadings because it had yet to occur. Although she did not seek leave to file an amended complaint, as a pro se litigant, she was not required to. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) ("[P]ro se pleadings are liberally construed, particularly where civil rights claims are involved."). "[T]he rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation and internal quotation marks omitted).

**REVERSED** and **REMANDED**.